Cabell, J.
I also concur in the opinion of my brother Stanard upon all the points determined by it. But, contrary to the opinion intimated by him, I incline to think, that the 17th section of the statute of limitations is applicable to a judgment recovered against a testator or intestate in autre droit, as well as to a judgment against him in his own right. However, it is not necessary to decide the point, and I desire it to be understood that I do not mean to give an opinion upon it.
*111 Tucker, P.
The bill was originally filed against the administrator of Moses Mann, to recover from his estate the amount of a judgment rendered against him in his lifetime as executor of Andrew Hamilton. The heirs were afterwards made parlies, as there seemed likely to be a deficiency of personal assets of Moses Mann’s estate. The bill charges a wasting of the assets of Hamilton, and a devastavit by Moses Mann, in failing to pay the judgment against, his testator Hamilton’s estate.
It is objected, that the devisees of Mann were not chargeable under the executor’s bond, as there was no ascertained debt due from him at the time of his death. This objection cannot prevail. The statute does not require, that the demand shall be ascertained, in the sense here intended. It does require, indeed, that the action whereby a devisee shall be charged, shall be an action of debt; and accordingly it has been decided, that a devisee cannot be charged under the statute in an action of covenant. But it never has been questioned, that debt will lie against a devisee upon a bond with collateral condition; and it has been even suggested by a learned writer, that it is adviseable sometimes to take a bond with condition to be void if the vendor has good title &c. in order to guard against the effect of his devising away his real estate: the penalty, he says, would be a debt recoverable under the statute. Sugd. Law Vend. 418. The statute, indeed, quoad the action of debt, places the heir and devisee on the same footing; and I have never heard it doubted, that debt would lie against an heir on a bond with collateral condition, merely because the damages to be assessed for its breach were not ascertained. The case before us, though instituted in equity, where alone the personal and real representatives could be convened, is, in effect, an action of debt, and ought to be so treated. The creditor might have sued on the bond at law, and thrown the charge on the devisee, without any inquiry *112 whether there was any personal estate out of which the demand could be paid. It was for the benefit of the devisees, and agreeable to the principles of"the court of equity, that instead of this suit at law, he should resort t0 the C0urt 0f chancery, in order to exhaust the personal assets before charging the devisees. That court, therefore, should concede to him the rights and the remedies which he would have had, if he had pursued a less forbearing and equitable course towards the devisees.
The next objection is the statute of limitations. It can have no application, I conceive, in this case. I am of opinion, that the statute did not begin to run from the appointment of the administrators Le Grand and others. That appointment was a nullity, as Moses Mann did not die intestate ; and though payments made to the administrators might have been good, (Allen adm'r &c. v. Dundas, 3 T. R. 125.) yet the court of probate could not divest the executor’s right. Toll. Law Ex’ors 120. Nor could the creditor have instituted any efficient proceeding for the revival of a suit or judgment against the administrators; since upon the revocation of their letters of administration, the suit must have abated, and never could have been revived and continued against Lewis Mann the administrator with the will annexed. The two administrations could not unite, the first being, quoad the last, a mere nullity. I think, therefore, in considering this question, we must regard it as if there never had been administration granted to Le Grand and others in 1822. If so, the statute began to run from October 1823, and so offers no bar, as the suit was brought early in 182S.
I will add, that I have a strong impression, that the statute has no application to an action of debt suggesting a devastavit, nor to an action on the administration bond. For the action suggesting a devastavit is not an action on the judgment. It is an action for the tort—the *113 wasting. The plea to it may be not suiltu. It is liken- , 6 . . / . J ° . 3 . . ed to a criminal prosecution. 1 he judgment is not the gist, it is but inducement. 1 Ld. Raym. 1503. 1 Chitt. Plead. 477. It will not alone maintain the action. There must be proof of a wasting, either by a return of nulla bona or otherwise. It is moreover a demand against the executor personally, whereas the judgment was not against him, but his testator’s goods. For these reasons, I strongly incline to think, that the effect of the clause in question is not to protect Moses Mann's estate against an action for the waste, but to protect the administrator de bonis non of Hamilton against an action of debt or scire facias to revive the judgment against him.
I see no other objection to the decree that requires remark, except that a sale of the lands should not have been decreed, until it appeared, that the debt could not have been discharged in a reasonable time out of the rents and profits. This objection would, I conceive, have been fatal to the decree had it been final; but as it is only interlocutory, I concur with my brother Stanard that it may be modified, and that the decree should be affirmed with costs, and the cause remanded, with directions to apply the fund in the power of the court, unconditionally, to the satisfaction of the plaintiff’s demand, and if that prove deficient, to provide (if it be asked) for the payment of the balance out of the rents and profits of the lands, if adequate thereto within a reasonable time, and if not, then to decree a sale of so much of the land as will suffice to satisfy the balance due.
Decree affirmed with costs, and cause remanded to the circuit court of Greenbrier, “ with directions to that court, (if the appellants or appellee should, before the said decree shall be executed by a sale under its provisions, ask it) to modify the said decree, so as to direct *114 unconditionally the application of the funds subject to' its order, to the satisfaction of the appellee’s claim, and to provide for raising the residue of that'claim, if any, out of the rents and profits of the land directed to be instead of raising it by sale, if such rents and profits will pay the balance in a reasonable time; and if not, to raise it by sale.”